IN UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ATANASIO VILLALOBOS,

    Plaintiff,

v.     **CIVIL ACTION NO.: _____**

UNITED STATES OF AMERICA,

    Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

    NOW COMES ATANASIO VILLALOBOS, (hereinafter called "Plaintiff"), complaining of UNITED STATES OF AMERICA (hereinafter called "Defendant"), and for a cause of action would show the Court as follows:

1.    Plaintiff is a resident of Vado, New Mexico.

2.    Defendant UNITED STATES OF AMERICA is a governmental entity that can be served with process by delivering a copy of this Complaint and a summons providing for sixty days for the United States to serve an answer as required by Rule 12(3)(A) of the Federal Rules of Civil Procedure by registered or certified mail to:

    a.    The Attorney General of the United States, Washington, District of Columbia, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; and

    b.    Civil Process Clerk, Office of the United States Attorney for the District of New Mexico, 201 Third Street NW, Suite 900, Albuquerque, NM 87102.

### Jurisdiction and Venue

3.    The acts and omissions complained about occurred in Las Cruces, New Mexico and therefore, venue is proper in this court.

**Facts**

4. On or about June 24, 2011, Plaintiff was stopped at the traffic signal at the intersection of Main and Travis in Las Cruces, New Mexico when a vehicle owned by the Social Security Administration, an entity of Defendant, and driven by Ramon Vigil, rear-ended Plaintiff's vehicle. Defendant's driver was cited for "due care collision" by the Las Cruces Police Department as a result of the incident.

## CAUSES OF ACTION
## FEDERAL TORT CLAIMS ACT

5. Said collision and Plaintiff's damages were proximately caused by Defendant employee's violations of the laws of the State of New Mexico and of the United States of America constituting negligence per se.

6. Defendant owed a reasonable degree of care to Plaintiff. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by the negligence of Defendant's driver in the course and scope of his employment with Defendant arising from one or more of the following alternative theories of negligence:

   a. Duty to maintain a safe distance between two vehicles.
   b. Failure to use due care in operating a motor vehicle.
   c. Failure to safely apply brakes to avoid a collision.
   d. Failure to control speed.
   e. Failure to warn of his approach.
   f. Failure to keep a proper lookout.
   g. Failure to warn of the dangers.
   h. Failure to pay attention.
   i. Failure to take proper evasive action.
   j. Failure to honk and give adequate warning of the pending danger.
   k. Driver inattention.
   l. Failure to turn to the left or right to avoid a collision.
   m. Driving carelessly.
   n. Other negligence.

7. Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or

omissions was a proximate cause of Plaintiff's damages.

8.      Alternatively, and without waiving the foregoing, said collision and Plaintiff's damages were proximately caused as a result of the negligence of Defendant. Plaintiff alleges that the collision and Plaintiff's damages were proximately caused by one or more of the following alternative theories of negligence on the part of Defendant:

   a. That on June 24, 2011, Defendant was negligent per se by entrusting the control and operation of the motor vehicle which was under their ownership and control to Ramon Vigil.
   b. Allowing Ramon Vigil to operate the vehicle on the public streets of Dona Ana County, New Mexico, and in particular, at the location referred to above, when they knew or should have known that Defendant RUSNELL was unfit, incompetent, reckless and unskilled to operate the vehicle.
   c. Defendant was negligent on the occasion in question.
   d. Defendant's negligence caused the Plaintiff's injuries.
   e. Negligent training of Ramon Vigil in driving a vehicle.
   f. Negligent supervision.
   g. Other acts of negligence.

9.      Each of which acts or omissions was other than what a reasonable and prudent person would have been doing under the same or similar circumstances. Each of which acts or omissions was a proximate cause of Plaintiff's damages.

## Damages

10.     As a direct and proximate result of the occurrence, Plaintiff sustained property damages.

11.     As a direct and proximate result of the occurrence, Plaintiff sustained personal injury damages to his neck, back and both legs.

12.     As a further result of the occurrence caused by Defendant and the injuries suffered therefrom, Plaintiff has incurred expenses for medical care and attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by the Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur

reasonable expenses in the future for such medical needs.

13. As a further result of the negligence of the Defendant, Plaintiff was prevented from working and has lost wage earning capacity. Plaintiff will continue to suffer a loss of wage earning capacity in the future. Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

14. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. As a further result of the negligence of Defendant, Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the injuries, Plaintiff has suffered and will continue to suffer physical impairment to his neck, back and both legs. Plaintiff has suffered permanent disfigurement. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court.

15. Plaintiff will show that the acts and omission of the Defendant were in heedless and reckless disregard for the rights and safety of Plaintiff and showed actual conscious indifference and conscious disregard for the rights and safety of Plaintiff so as to constitute gross negligence, willful misconduct, willful, wanton, reckless and malicious conduct being a proximate cause of the occurrence and the resulting damages and injuries sustained by Plaintiff. Plaintiff is entitled to punitive damages.

## Administrative Pre-Requisites to Suit

16. Plaintiff timely filed a claim for his injuries and damages under the Federal Tort Claims Act (FTC), 28 U.S.C. §2671-2680 with Defendant and satisfied all administrative requirements for filing this suit.

## Jury Demand

17. Plaintiff hereby requests trial by jury on all contested issues of fact.

## Prayer

18. **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer, and that on final trial, Plaintiff has judgment against Defendant for all relief requested, for costs, pre-judgment and post judgment interest and for such other relief, general and special, at law or in equity, to which Plaintiff is entitled.

Respectfully submitted,

**LAW FIRM OF DANIELA LABINOTI, P.C.**
Attorneys for Plaintiff
5915 Silver Springs, Bldg. 2
El Paso, Texas  79912
(915)581-4600 voice
(915) 581-4605  facsimile


*/s/ Daniela Labinoti*
**DANIELA LABINOTI**
State Bar No.: 24722